**Hemagini PANDYA, Plaintiff–Appellant,**

v.

**EDWARD HOSPITAL, Defendant–Appellee.**

No. 00–2699.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 15, 2000.

Decided Jan. 17, 2001.

Rehearing and Rehearing en Banc Denied Feb. 15, 2001.

Before Hon. POSNER, Hon. EASTERBROOK, Hon. KANNE, Circuit Judges.

## ORDER

After Edward Hospital fired Hemagini Pandya in 1996, she sued it under Title VII, 42 U.S.C. § 2000e–2 *et seq.*, for national-origin discrimination. The case went to trial before a jury, and at the end of the plaintiff's case in chief, Edward Hospital moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The district court granted the motion, and we affirm.

Pandya, a native of Gujarat State, India, worked for Edward Hospital, beginning on January 5, 1995. Her position required her to process patient bills with insurance companies and communicate with patients concerning questions with their individual bills. Throughout Pandya's employment with Edward Hospital, she was given written disciplinary warnings for poor job performance. The complaints from Pandya's supervisors included inefficiency in processing patient bills, excessive personal phone calls, sleeping at her desk, difficulty understanding and communicating with patients who phoned with questions regarding their statements, and unprofessional behavior in dealing with her colleagues and supervisors.

Although she was hired originally for a full-time position, Pandya's hours were reduced in November 1995 after Edward Hospital reassessed its need for full-time employees. Pandya worked part-time until she was rehired as a full-time financial counselor in March 1996. Shortly after she returned to a full-time position, Pandya received a disciplinary warning on May 17, 1996, stating that she still required repeated instructions to perform the same menial tasks, acted unprofessionally by fighting with and interrupting her colleagues, and demanded unnecessary amounts of supervision after a week of one-on-one training. When her performance failed to improve, Edward Hospital terminated her in June 1996.

At trial, the plaintiff's case in chief consisted of Pandya's testimony and five disciplinary memoranda that were entered into evidence. The disciplinary documents demonstrated that Pandya had a history of poor job performance throughout her time with Edward Hospital. During Pandya's testimony regarding the disciplinary actions, she would not acknowledge any awareness that Edward Hospital was concerned about her performance. She could not recall any conversations with one supervisor, warning her that her work needed improvement, nor could she remember any discussion with another supervisor, regarding complaints about her handling of patient phone calls. She also denied the accuracy of any of the concerns raised in the disciplinary memoranda. Although Pandya claimed that she was the only employee disciplined and "harassed" by the management, she did not offer any examples of fellow employees who did not receive such treatment. She also testified that one supervisor made a discriminatory comment when he asked her, "Where'd you come from?"

The district court granted Edward Hospital's Rule 50(a) motion for judgment as a matter of law, finding that no reasonable jury could find that Pandya had been fired

because of her national origin, and further, that no reasonable jury could find that Edward Hospital's firing of Pandya for poor job performance was pretextual. Pandya filed a motion for reconsideration and a new trial under Rule 59(a), which the district court denied. She then brought this timely appeal.

■ We review de novo the grant of a Rule 50(a) judgment as a matter of law. *Massey v. Blue Cross–Blue Shield of Ill.,* 226 F.3d 922, 924 (7th Cir.2000). Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); *see also Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000). The standard for granting judgment as a matter of law "mirrors" the standard for granting summary judgment. *Reeves,* 120 S.Ct. at 2109 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, we examine the record in its entirety and view the evidence in the light most favorable to the party against whom judgment was granted. *Massey,* 226 F.3d at 924.

Recently, in *Reeves,* an Age Discrimination in Employment Act case in which the district court had granted the employer's Rule 50(a) motion, the Supreme Court observed that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves,* 120 S.Ct. at 2108. The Supreme Court also explained that "[w]hether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." *Id.*

■ Here, judgment as a matter of law was appropriate because the plaintiff could neither establish a prima facie case nor muster any probative evidence that her employer's explanation for her termination was false. The jury was not presented any evidence, other than Pandya's opinion, that she was living up to any of the legitimate expectations of Edward Hospital. Pandya's self-serving testimony disputing her performance evaluations standing alone is not sufficient to prove discrimination by a preponderance of the evidence. *See Aungst v. Westinghouse Elec. Corp.,* 937 F.2d 1216, 1221 (7th Cir.1991); *see also Mills v. First Fed. Sav. & Loan Ass'n of Belvidere,* 83 F.3d 833, 843 (7th Cir. 1996) (summary judgment for employer appropriate where employee's contention of satisfactory performance merely contradicted employer's evidence of negative performance evaluations). Pandya also offered no evidence that similarly-situated employees were treated more favorably than she was, claiming only that she was the only one disciplined and fired. *See Pafford v. Herman,* 148 F.3d 658, 671 (7th Cir.1998)(employee must demonstrate she was treated differently than similarly situated employees to show discrimination by employer). Moreover, she did not present evidence that Edward Hospital did not sincerely believe their reasons presented for firing her. *Brill v. Lante Corp.,* 119 F.3d 1266, 1273 (7th Cir.1997)("the question is not whether the [employer's performance] ratings were right but whether the employer's description of its reasons is honest") (quoting *Gustovich v. AT & T*

*Communications, Inc.,* 972 F.2d 845, 848 (7th Cir.1992)).

Even viewing the evidence in the light most favorable to Pandya, a reasonable jury could not have found that she proved national-origin discrimination. Thus, judgment as a matter of law in favor of Edward Hospital was appropriate.

AFFIRMED.